UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SANDRA SAFONT, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

STATE FARM FLORIDA INSURANCE
COMPANY,

       Defendant.
_____/

**CLASS ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sandra Safont f/k/a Sandra S. Marin, files this Class Action Complaint, individually and on behalf of all others similarly situated, against Defendant, State Farm Florida Insurance Company, and alleges:

## INTRODUCTION

1. Pursuant to a standardized homeowners insurance policy with insureds like Plaintiff, State Farm must pay interest on claims it fails to pay within a certain timeframe. State Farm fails to do so, breaching the insurance contract and leading Plaintiff to bring this class action on behalf of herself and thousands of other State Farm insureds.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Sandra Safont f/k/a Sandra S. Marin ("Safont" or "Plaintiff"), is a resident of Miami-Dade County and a citizen of Florida.

3. Defendant, State Farm Florida Insurance Company ("State Farm"), is a Florida corporation.

4. <u>Subject Matter Jurisdiction</u>.  The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (i) the matter in controversy exceeds $5 million, exclusive of interest and costs; (ii) there are members of the proposed Class who are citizens of different states than State Farm; and (iii) there are in the aggregate more than 100 members of the proposed class.

5. <u>Personal Jurisdiction</u>.  This Court has specific personal jurisdiction over State Farm pursuant to Section 48.193(1)(a), Fla. Stat., because State Farm operates, conducts, engages in and carries on a business or business venture in this state; has an office or agency in this state; contracts to insure people, property or risk in this state at the time of contracting; and breached a contract in this state.

6. <u>Venue</u>.  Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in this District, and because State Farm is subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

7. Plaintiff purchased from State Farm a residential property insurance policy for Plaintiff's home (the "Policy").

8. The Policy contains a "Loss Payment" provision stating that if State Farm does not pay or deny a claim within 90 days of receiving notice, then State Farm must pay interest:

> 8. **Loss Payment**. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable:
>
> a. 20 days after we receive your proof of loss and reach agreement with you; or
>
> b. 60 days after we receive your proof of loss and:
>
> (1) there is an entry of a final judgment; or

2

> (2) there is a filing of an appraisal award with us.
>
> **If we do not pay or deny a loss within 90 days after we receive notice of** an initial, reopened, or supplemental property insurance **claim** from you and no factors beyond our control would reasonably prevent us from making payment, **interest will be paid in accordance with Section 627.70131(5)** [since renumbered as 627.70131(7)] **of the Florida Insurance Code**.

(emphasis added). A copy of Plaintiff's declarations page, and the endorsement referred to in that declarations page containing the form Loss Payment provision, are attached as **Exhibit 1**. Plaintiff does not have a complete copy of the Policy, but believes a complete copy is contained within State Farm's records.

9. Like the Policy, the statute it incorporates by reference, Section 627.70131(7)(a), Fla. Stat., provides that interest must be included with payments not made within 90 days of notice of loss. It further provides that if factors beyond an insurer's control reasonably prevent payment from being made within 90 days, then payment must be made within 15 days of those factors ceasing to exist. An insurer's failure to make payment within 15 days also requires the insurer to pay interest:

> Within 90 days after an insurer receives notice of an initial, reopened or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by factors beyond the control of the insurer which reasonably prevent such payment. . . . **Any payment of** an initial or supplemental claim or portion of such **claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment**, whichever is later, **bears interest at the rate set forth in s. 55.03**. **Interest begins to accrue from the date the insurer receives notice of the claim**. . . . The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy.

Fla. Stat. § 627.70131(7)(a).

10. On September 10, 2017, Plaintiff's home was damaged by wind and water from Hurricane Irma. Within weeks, Plaintiff provided State Farm with notice of an insurance claim seeking to cover the damage (the "Claim").

11. State Farm acknowledged that Plaintiff suffered an insured loss, but Plaintiff and State Farm failed to agree on the value of that loss.

12. The Policy contains an appraisal clause designed to resolve disputes as to the value of insured losses and to determine the amounts owed to the insured. In accordance with that clause, Plaintiff's dispute with State Farm went to an appraisal panel. On October 12, 2018, the panel issued an Appraisal Award of $92,300.12.

13. However, State Farm failed to make payment of the award (which was reduced to $81,577.99 after subtracting the deductible and other amounts) within 15 days, and failed to pay Plaintiff any interest on Plaintiff's Claim.

14. Under Florida law, which applies to Plaintiff's and all Class members' policies, even when there is a dispute as to the amount of a debt owed, once the debt is determined to be due, interest is allowed from the date the debt was due in accordance with the contract. This rule is applied to all contracts, including obligations owed under insurance contracts.

## **CLASS ALLEGATIONS**

15. Plaintiff brings this action individually and on behalf of others similarly situated as members of a proposed class of:

> All persons insured by a residential property insurance policy issued by State Farm Florida Insurance Company who, since September 9, 2017, (1) gave notice of an initial or supplemental claim or portion of such claim for loss insured under the policy; (2) had the amount of loss payable on the claim determined by an appraisal process; (3) did not file suit on the claim; and (4) were paid by State Farm Florida Insurance Company for the claim more than 90 days after it received notice of the claim or more than 15 days after the amount of the loss was determined by an appraisal award, whichever is later.

4

16. Excluded from the Class are State Farm and its directors, officers and employees, and the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

17. This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, because it meets all the requirements of Rule 23(a)(1-4), including the numerosity, commonality, typicality and adequacy requirements, and it satisfies the requirements of Rule 23(b)(3), in that the predominance and superiority requirements are met.

18. <u>Numerosity</u>.  The members of the Class are so numerous that joinder of all members is impracticable.  Although Plaintiff does not know the exact number of Class members as of the date of filing, Plaintiff believes that there are more than 1,000 Class members throughout the United States.

19. <u>Commonality</u>.  There are numerous questions of fact or law that are common to Plaintiff and all the members of the Class.  Common issues of fact and law predominate over any issues unique to individual Class members.  Issues that are common to all Class members include, but are not limited to:

   a. whether State Farm failed to timely pay Class members' insurance claims pursuant to the Policy's Loss Payment provision and the statute referenced in that provision;

   b. whether State Farm breached the Policy by failing to pay interest to Class members; and

   c. the relief that should be afforded to Plaintiff and the Class.

20. <u>Typicality</u>.  Plaintiff has claims that are typical of the claims of all members of the Class.  Plaintiff's Policy contained the same Loss Payment provision as the other Class members' policies.  (State Farm issues homeowner's insurance policies on standardized forms that are filed

with the Florida Office of Insurance Regulation).  Like the other Class members, Plaintiff is owed interest under the Policy because State Farm failed to timely pay Plaintiff's claim.

21. <u>Adequacy of Representation</u>.  Plaintiff will fairly and adequately represent the interests of the members of the Class.  Plaintiff does not have claims that are unique to Plaintiff and not the other Class members, nor are there defenses unique to Plaintiff that could undermine the efficient resolution of the claims of the Class.  Further, Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in class action litigation, to represent Plaintiff.  There is no hostility between Plaintiff and the unnamed Class members.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

22. <u>Predominance</u>.  Common questions of law and fact predominate over questions affecting only individual Class members.  The only individual issues likely to arise will be the amount of damages recovered by each Class member, the calculation of which does not bar certification.

23. <u>Superiority</u>.  A class action is superior to all other feasible alternatives for the resolution of this matter.  Individual litigation of multiple cases would be highly inefficient and would waste the resources of the courts and of the parties.  The damages sought by Plaintiff and Class members are relatively small and unlikely to warrant individual lawsuits given the fees and costs, including expert costs, required to prosecute the claims.

24. <u>Manageability</u>.  This case is well suited for treatment as a class action and easily can be managed as a class action since evidence of both liability and damages can be adduced, and proof of liability and damages can be presented, on a classwide basis, while the allocation and distribution of damages to Class members would be essentially a ministerial function.

25. <u>Ascertainability</u>.  Class members are readily ascertainable.  The class members are identifiable from information and records in the possession, custody or control of State Farm.

26. Plaintiff has retained counsel to protect Plaintiff's rights under the Policy.

27. All conditions precedent to this action have occurred or have been waived.

## COUNT I: BREACH OF CONTRACT

28. Plaintiff incorporates the allegations of paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff and State Farm entered into a contract (the Policy) whereby State Farm agreed to insure Plaintiff's residence for losses covered under the terms of the Policy.

30. Plaintiff suffered an insured loss and made a claim under the Policy.

31. On the date the Appraisal Award was issued, there were no longer factors beyond State Farm's control that reasonably prevented it from making the claim payment owed to Plaintiff.

32. Yet State Farm failed to pay the principal amount owed to Plaintiff pursuant to the Appraisal Award within 15 days of the Appraisal Award's issuance.

33. As a result of State Farm's failure to timely pay, Plaintiff was entitled to payment of interest as required by the Policy's Loss Payment provision and the statute referenced in that provision.  But State Farm breached the Policy by failing to pay Plaintiff any interest at the rate set forth in Section 55.03, Fla. Stat., from the date State Farm received notice of Plaintiff's claim.

34. As a result of State Farm's breach of the Policy, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Sandra Plaintiff, individually and on behalf of all Class members, respectfully demands judgment against Defendant, State Farm Florida Insurance Company, for:

(a) Damages;

(b) Pre-judgment and post judgment interest;

(c) Attorneys' fees and costs; and

(d) Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 9, 2022

Respectfully submitted,

**RODRIGUEZ TRAMONT & NUÑEZ P.A.**

By: /s/ *Frank R. Rodriguez*
    Frank R. Rodriguez
    Florida Bar No. 348988
    Primary email: frr@rtgn-law.com
    Paulino A. Núñez Jr.
    Florida Bar No. 814806
    Primary email: pan@rtgn-law.com
    255 Alhambra Circle
    Suite 1150
    Coral Gables, FL 33134
    Telephone: (305) 350-2300
    Facsimile: (305) 350-2525

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**

By: /s/ *Jason Kellogg*
    Jason K. Kellogg, P.A.
    Florida Bar No. 0578401
    Primary email: jk@lklsg.com
    Lawrence A. Kellogg
    Florida Bar No. 328601
    Primary email: lak@lklsg.com
    200 Southeast Second Avenue
    Miami Tower, 36th Floor
    Miami, Florida 33131
    Telephone: (305) 403-8788
    Facsimile: (305) 403-8789

**KNECHT LAW GROUP**

/s/ *Michael C. Knecht*
    Michael C. Knecht, Esq.
    658 W. Indiantown Road, Suite 211
    Jupiter, Florida 33458
    Phone: 561 745 2110
    Email: mck@mikeknecht.com
    susan@mikeknecht.com
    Florida Bar No: 475815