# EXHIBIT 5

To Defendant's Motion to Dismiss the Amended Complaint (ECF No. 15)

*Fla. Dry Solutions, LLC v. Sec. First Ins. Co.,* 29 Fla. L. Weekly Supp. 89a, 2021 WL 1288710 (Fla,. 11th Jud'l Cir. March 28, 2021)

2021 WL 1288710 (Fla.Cir.Ct.) (Trial Order)
Circuit Court of Florida,
Eleventh Judicial Circuit.
Miami-Dade County

FLORIDA DRY SOLUTIONS, LLC, Plaintiff(s),

v.

SECURITY FIRST INSURANCE COMPANY, Defendant(s).

No. 2020-011196-CA-01.
March 28, 2021.

*1 SECTION: CA24

**Order on Defendants Motion to Dismiss**

Bryan T West, bryan.west@akerman.com, tiffany.hydes-belalcazar@akerman.com.

Dahlene Miller, dmiller@fontnelson.com, lrabbani@fontnelson.com.

Germarie Vega, gvega@fontnelson.com.

John D. Hoffman Esq., john@hoffmanpa.com, eservice@hoffmanpa.com, sandra@hoffmanpa.com.

Jose Pete Font, pleadings@fontnelson.com, jwilds@fontnelson.com, gvega@fontnelson.com.

Marcy Levine Aldrich, marcy.aldrich@akerman.com, debra.atkinson@akerman.com.

Scott Earl Allbright Jr., scott.allbright@akerman.com, debra.atkinson@akerman.com.

Hon. Antonio Arzola, Judge.

On March 12, 2021, the Court conducted a hearing on Defendant's Motion to Dismiss the Class Action Complaint (the "Motion"). The Court heard argument of counsel, reviewed the file, and was otherwise fully advised. It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion is GRANTED.

2. Plaintiff's claims for relief in the Class Action Complaint (the "Complaint") are based entirely on an alleged violation of Fla. Stat. § 627.70131(5)(a). Pursuant to the clear terms of that provision, "… failure to comply with this subsection does not form the sole basis for a private cause of action." *See also State Farm Fla. Ins. Co. v. Silber*, 72 So. 3d 286, 290 (Fla. 4th DCA 2011) ("the last sentence of the statute closes the door on any insured unless there is a viable independent cause of action."). Here, Plaintiff fails to state a cause of action because the sole basis of its claim is the alleged violation of Fla. Stat. 627.70131(5)(a).

3. The Court finds that the class action cases and other authority cited by Plaintiff at the hearing do not involve Fla. Stat. § 627.70131 and do not address its prohibition against a private cause of action.

4. Plaintiff alleges that it previously sued Defendant on the same loss (claim no. 86845) [the "prior lawsuit"]. (Compl. ¶ 14). Plaintiff also alleges that Defendant confessed judgment in the prior lawsuit on or about March 2, 2018 for the services performed by Plaintiff. (*Id.*) Plaintiff alleges that, pursuant to that confession, Defendant made a payment in the amount of $4,347.10, an

amount covering Plaintiff's invoice for its services ($4,189.16) plus at least some interest thereon. (*Id.* ¶¶ 14, 17-18). While Plaintiff alleges that Defendant had underpaid interest in that Action (*Id.* ¶ 19), Plaintiff chose not to pursue such unpaid interest in the prior lawsuit, choosing instead to bring this separate class action seeking interest on behalf of itself and a class defined as (*Id.* ¶ 33):

> All of SFIC's Insureds and/or their assignees in the State of Florida who: (a) notified SFIC of an initial, reopened, or supplemental property insurance claim; (b) SFIC accepted as being entitled to coverage and payment more than 90 days after the claim was reported (or within 15 days after there were no longer circumstances beyond its control); (c.) at the time that the coverage determination and payment was made as stated, SFIC did not comply with its statutory, and/or common law, obligation to pay interest in relation to the unlawful breach of its contractual obligation to its Insureds and/or their assignees.

5. The Court is concerned that, by bringing this separate action seeking only the additional interest allegedly due to Plaintiff, Plaintiff has (a) improperly split its cause of action and; (b) divested itself of standing to pursue the additional interest that Plaintiff could have pursued in the prior lawsuit. The rule against splitting a single cause of action requires that all damages accruing to a party as a result of a single wrongful act – here the alleged misconduct regarding the payment of Plaintiff's claim for water remediation services – must be brought in one action. *See Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1395 (11th Cir. 1996) ("Florida law is clear that the rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims in one action.") (internal citations and quotations omitted); *Bryant v. Tarman*, 21 So. 3d 137, 137 (Fla. 5th DCA 2009) (auto accident claim for bodily injury and property damage could not be split); *Bryant v. Allstate Ins. Co.*, 584 So. 2d 194, 195 (Fla. 5th DCA 1991) ("The rule against splitting a cause of action requires that all damages sustained by a party as a result of a single wrongful act are lost if not claimed or recovered in one action.").

**\*2** 6. In addition, the Court finds that this case is not appropriate for class action treatment because of the overwhelming number of factually intensive and individualized inquiries that will be necessary given the class definition proffered by the Plaintiff (Compl. ¶ 33). For example:

- **Whether Defendant "unlawful[ly] breached its contractual obligation" to each class member;**

- **Whether Defendant failed to comply with its obligation "to pay interest in relation to the unlawful breach of its contractual obligation" to each class member;**

- **Whether each class member has standing to bring an action against the Defendant, whether by an assignment of benefits or otherwise;**

- **Whether each class member notified Defendant of an initial, reopened, or supplemental property insurance claim (and how and when such notification took place);**

- **Whether Defendant accepted that each class member was "entitled to coverage and payment more than 90 days after the claim was reported (or within 15 days after there were no longer circumstances beyond its control;"**

- **Whether each class member's claim is barred by *res judicata*, prior settlement or release, or is the subject of separate pending litigation by that class member against Defendant.**

For these reasons, the Court finds that this case is inappropriate for class action treatment on its face. *See Cordell v. World Ins. Co.*, 418 So. 2d 1162, 1164 (Fla. 1st DCA 1982) (affirming dismissal of class claims arising out of separate insurance contracts); *see also Integra Health Servs., Inc. v. Progressive Am. Ins. Co.*, 2008 WL 6914623 (Fla. 17th Jud'l Cir. 2008), *aff'd*, 18 So. 3d 1129 (Fla. 4th DCA 2009) (dismissing class allegations in auto insurance case).

7. The Court also finds that Plaintiff's claim for unjust enrichment is deficient. Among other things, it ultimately relies on the existence of an insurance policy and an assignment of benefits. (Compl. ¶¶ 33, 50).

8. The Court will provide the Plaintiff with the opportunity to amend to attempt to identify a basis other than Fla. Stat. § 627.70131(5)(a) alone for its cause of action. *See Silber*, 72 So. 3d at 290. Such claim shall be brought as an individual action; and not as a class action for the reasons stated above. Any such amended complaint shall be filed within twenty (20) days of the date of this Order. Failure to amend the complaint in accordance with this Order shall result in a dismissal of this case.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 28th day of March, 2021.

<<signature>>

2020-011196-CA-01 03-28-2021 1:10 PM

Hon. Antonio Arzola

CIRCUIT COURT JUDGE

Electronically Signed

**Electronically Served:**

Bryan T West, bryan.west@akerman.com

Bryan T West, tiffany.hydes-belalcazar@akerman.com

Dahlene Miller, dmiller@fontnelson.com

Dahlene Miller, lrabbani@fontnelson.com

Germarie Vega, gvega@fontnelson.com

John D. Hoffman Esq., john@hoffmanpa.com

John D. Hoffman Esq., eservice@hoffmanpa.com

John D. Hoffman Esq., sandra@hoffmanpa.com

Jose Pete Font, pleadings@fontnelson.com

Jose Pete Font, jwilds@fontnelson.com

Jose Pete Font, gvega@fontnelson.com

Marcy Levine Aldrich, marcy.aldrich@akerman.com

Marcy Levine Aldrich, debra.atkinson@akerman.com

Scott Earl Allbright Jr., scott.allbright@akerman.com

Scott Earl Allbright Jr., debra.atkinson@akerman.com

**Physically Served:**

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.