**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-22891-KMM

THOMAS BARBATO and
YVONNE BARBATO,[1]

Plaintiffs,

v.

STATE FARM FLORIDA
INSURANCE COMPANY,

Defendant.
_______________________________________/

**ORDER**

THIS CAUSE came before the Court upon Defendant State Farm Florida Insurance Company ("Defendant" or "State Farm")'s Motion to Dismiss the Amended Complaint ("Mot.") (ECF No. 29). Plaintiffs Thomas and Yvonne Barbato (collectively, "Plaintiffs") filed a Response ("Resp.") (ECF No. 35), and Defendant filed a Reply (ECF No. 36). The Motion is now ripe for review. For the reasons discussed below, the Court GRANTS Defendant's Motion.

## I. FACTUAL BACKGROUND

On May 31, 2018, Plaintiffs' home was damaged by Hurricane Irma. *See* (ECF No. 15) (hereinafter "Amended Complaint" or "Compl.") at ¶ 14. Plaintiffs timely submitted their claim to Defendant State Farm, with whom the Barbatos had an active home insurance policy (the "Policy"). *See id.* ¶¶ 10, 14–15. Thereafter, Defendant "acknowledged that [the Barbatos] suffered an insured loss, but Plaintiffs and State Farm failed to agree on the value of the losses." *Id.* ¶ 15. The dispute was submitted to an appraisal panel, which ultimately filed an appraisal award of

[1] Sandra Safont, one of the original named plaintiffs in this action, voluntarily dismissed her claims against Defendant on November 14, 2022. *See* (ECF No. 21).

$125,456.02 in Plaintiffs' favor (the "Award") on August 31, 2022. *Id.* ¶¶ 19, 20. Plaintiffs aver, however, that in contravention of their Policy and Florida law, Defendant "failed to make payment of the Barbatos' award . . . within 15 days." *Id.* ¶ 20. Plaintiffs explain that Defendant mailed them the Award amount on October 20, 2022. *See id*. Yet, notably, Plaintiffs assert "State Farm's payment . . . fails to include any interest on their Claim." *Id.* ¶ 21.

On November 8, 2022, Plaintiffs filed their Amended Complaint. *See generally* Compl. Therein, Plaintiffs sought damages for an alleged breach of their Policy with Defendant. *Id.* ¶¶ 36–42. Plaintiffs allege that, in breach of Section 627.70131(5)(a), Fla. Stat.,[2] which is explicitly incorporated into the Policy, Defendant "failed to pay the principal amount owed to Plaintiffs pursuant to the Appraisal Award within 15 days" of its issuance, and that Defendant thereafter "fail[ed] to included [sic] in its payments to Plaintiffs any interest . . . from the date [it] received notice of Plaintiffs' claim." *Id.* ¶¶ 40–41. Thus, Plaintiffs claim they "were entitled to payment of interest as required by the Policy's Loss Payment provision and [Section 627.70131(5)(a)]," but did not receive that interest when Defendants paid the Award. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

[2] The Parties agree that, while Section 627.70131 was amended in 2021 and subsection (5)(a) was renumbered as Section 627.70131*(7)(a)*, the amendment had no substantive effect on the statute or its applicability to this case. *See generally* (ECF No. 42) (joint status report confirming the same). Accordingly, in the interest of consistency, the Court refers to the applicable statutory section as Section 627.70131(5)(a) throughout its discussion, while recognizing that the statutory section at issue is now codified at § 627.70131(7)(a), Fla. Stat.

and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. DISCUSSION

Because Section 627.70131(5)(a) (or "Subsection (5)(a)") does not convey a private right of action for the recovery of unpaid interest alone, Plaintiffs' claim must fail as a matter of law. Section 627.70131(5)(a) reads in relevant part:

> Any payment of an initial or supplemental claim . . . made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim. . . . **However, failure to comply with this subsection does not form the sole basis for a private cause of action.**

§ 627.70131(5)(a), Fla. Stat. (emphasis added).

The Court begins by explaining Plaintiffs' theory of liability under the statute. Plaintiffs allege that Defendant failed to pay the Award within fifteen days of the appraisal panel's decision. *See* Compl. ¶ 19 (Award filed by appraisal panel on August 31, 2022); *id.* ¶ 20 (Award paid on

October 20, 2022). Assuming arguendo that the appraisal panel's issuance of the Award eliminated any remaining "factors beyond the control of the insurer which reasonably prevented such payment" (as Plaintiffs *must* assume to state their claim, *see* Compl. ¶¶ 39–41),[3] the Award would therefore "bear[] interest" "accru[ing] from the date [Defendant] receive[d] notice of the claim." *See* § 627.70131(5)(a), Fla. Stat. Plaintiffs argue that interest became payable on October 20, 2022—the date on which Defendant paid the Award—yet Defendant failed to pay it.[4] Thus, Plaintiffs claim that Defendant was in breach of Subsection (5)(a) on October 20 and therefore in breach of the Policy itself (which explicitly incorporates the provisions of Subsection (5)(a) by reference). Compl. ¶¶ 39–41; *see also* (ECF No. 15-1) at 5.

Yet even when all necessary legal assumptions are made in Plaintiffs' favor, the plain language of Subsection (5)(a) *still* precludes their claim. The last sentence of the statute could not be more explicit: "**[F]ailure to comply with this subsection does not form the sole basis for a private cause of action.**" *Id.* (emphasis added). Plaintiffs attempt to do just what this sentence forbids, bringing a single cause of action under the theory that Defendant's failure to comply with Subsection (5)(a)'s "mandatory interest provisions" constitutes a breach of contract. Compl. ¶¶ 38–42; *see also* Resp. at 15. But merely couching their claim as "breach" does not save it; Florida courts routinely dismiss similarly styled lawsuits on the subsection's last sentence. *See, e.g.*, *Taylor v. State Farm Fla. Ins. Co.*, No. 16-2020-CA-004553, 2022 WL 3702075, at *1

---

[3] Defendant contests this point by arguing in the alternative that appraisal, and therefore an appraisal award, is not contemplated by the statute. *See* Mot. at 10–15. Because the Court finds that Section 627.70131(5)(a) does not convey a private right of action here, it need not reach this thornier issue of statutory (and contractual) interpretation.

[4] October 20, 2022 is the date "when the claim . . . [was] paid," assuming again that an appraisal award constitutes the payment of a claim. *See* § 627.70131(5)(a), Fla. Stat.; *see also* Compl. ¶ 41 (necessarily alleging that the payment of an appraisal award constitutes the payment of a claim).

(Fla. Cir. Ct. Aug. 11, 2022) (dismissing breach of contract claim for unpaid interest under Section 627.70131(5)(a) where, despite the statute's explicit incorporation in the contract, "the incorporated statute expressly prohibits a private right of action"); *State Farm Fla. Ins. Co. v. Silber*, 72 So. 3d 286, 289–90 (Fla. Dist. Ct. App. 2011) ("[T]he last sentence of the statute closes the door on any insured unless there is a viable independent cause of action."); *Fla. Dry Solutions, LLC v. Sec. First Ins. Co.*, No. 2020-011196-CA-01, 2021 WL 1288710, at *1 (Fla. Cir. Ct. Mar. 28, 2021) ("Plaintiff fails to state a cause of action because the sole basis of its [breach] claim is the alleged violation of Fla. Stat. 627.70131(5)(a)."). Following both precedent and the statute's clear mandate, this Court also reads Subsection (5)(a) as precluding Plaintiffs' claim here.

Potentially to forestall this unavoidable conclusion, Plaintiffs set forth two principal arguments. First, Plaintiffs aver that Defendant's reading of Subsection (5)(a)'s last sentence "nullif[ies]" the rest of subsection. *See* Resp. at 9–12 (Defendant's reading "improperly render[s] meaningless both § (5)(a)'s directions as to how and when interest is to be paid, as well as § (5)(a)'s mandate that the interest provisions may not be 'voided,' or 'nullified' by policy terms."). This is not the case. Subsection (5)(a)'s last sentence quite clearly evinces a legislative intent for its provisions to be enforced "as a part of a broader suit for benefits (i.e., where interest is not the 'sole basis' for the action)." *See Taylor*, 2022 WL 3702075, at *1. Such a reading does not "nullify" the subsection, but instead cabins its utility as a *standalone* cause of action.[5] Here, Plaintiffs attempt to do just that, bringing a purported violation of Subsection (5)(a) as an

[5] For a more fulsome discussion of the possible legislative intent behind this decision, see *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV, 2016 WL 4574919, at *4 (S.D. Fla. Sept. 1, 2016) ("[T]he Legislature intended for Florida Statute § 627.70131 to bind the insurer to its [own] provisions . . . [Yet] the legislature did not intend to create any private cause of action against the insurer that is based merely upon a violation of the statute.") (cleaned up).

independent claim. Had Plaintiffs brought this claim with other potential grounds for breach, it may have survived; on its own, however, the claim must fail.

Plaintiffs then try to muddy the waters by invoking another statute, Section 627.418, which they argue salvages their claim. Section 627.418(1), Fla. Stat., reads in relevant part:

> Any insurance policy, rider, or endorsement otherwise valid which contains any condition or provision not in compliance with the requirements of this code shall not be thereby rendered invalid, except as provided in s. 627.415, but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy, rider, or endorsement been in full compliance with this code.

*Id*. Plaintiffs explain, and the Court agrees, that "§ 627.418(1) means what it says: '[P]rovisions in an insurance policy must be construed and applied to be in full compliance with the Florida Statutes.'" Resp. at 10 (citing *Trinidad v. Fla. Peninsula Ins. Co.*, 121 So. 3d 433, 441 (Fla. 2013)). Plaintiffs argue that Section 627.418(1) mandates compliance with the interest provisions of Subsection (5)(a) because those provisions are incorporated into the Policy (and therefore may "not be thereby rendered invalid" by another portion of the statute). *See generally* Resp. 11–15.

The Court does not see how Plaintiffs' Section 627.418 theory applies to the instant case. On a threshold level, Plaintiffs almost seem to argue that Section 627.418 permits their suit to proceed because Subsection (5)(a) is inconsistent with *itself*. Whether or not this is true,[6] to the Court's eye, all Section 627.418(1) means is that, even if the Policy contained a provision which *explicitly permitted* a standalone breach action here, the Court would not be able to enforce that provision because it would be non-compliant with Subsection (5)(a). But instead, Plaintiffs try to use Section 627.418(1) to invalidate Subsection (5)(a)'s last sentence, a position which the Court sees no legal backing for in either Plaintiff's cited authority or an independent review of Subsection

[6] *See infra.*

(5)(a) cases. In sum, the Court will not permit Plaintiffs' to "use Fla. Stat. § 627.418(1) to construct a non-existent cause of action" out of whole cloth, *see* Reply at 3, and it sees no other relevant application of that statute here.

For better or worse, Plaintiffs are right to point out that Subsection (5)(a) will, at times, create a violation without a remedy—i.e., instances in which an insurer is found to have violated *only* the interest provisions of Subsection (5)(a) without any other violations meriting an omnibus benefits suit. For instance, were Plaintiffs' legal and factual contentions to bear fruit in the case at bar *without* the "sole basis" clause, the Court estimates that Plaintiffs would stand to recover about $30,000.00 in damages.[7] The Court is troubled by such a regime: Subsection (5)(a) explicitly prohibits conduct while simultaneously providing that conduct with a safe-harbor. And perhaps more-than-coincidentally, the Court notes a clear pattern of *this Defendant* facing allegations of failure to pay interest under Subsection (5)(a). We are not here to decide whether State Farm has been a good neighbor.[8] But rightfully or wrongfully, State Farm has been implicated in several similar cases (some of which this Order rests upon). *See, e.g.*, *Taylor v. State*

---

[7] The Court sets out its back-of-the-envelope math as follows. Section 627.70131(5)(a) prescribes interest "at the rate set forth in s. 55.03," which "begins to accrue from the date the insurer receives notice of the claim." *Id.* In total, 1603 days elapsed between the date of Plaintiffs' home damage and the date on which State Farm rendered payment of the $125,456.02 Award.

Under § 55.03, Fla. Stat., the statutory pre-judgment interest rate throughout the relevant period averaged at about 5.5% per annum. *See* https://www.myfloridacfo.com/division/aa/local-governments/judgement-interest-rates.

Thus, assuming Plaintiffs notified Defendant of their claim on the date of the incident, and assuming a consistent 5.5% yearly interest rate throughout the period, Plaintiffs would have accrued about $30,300 in interest on their Award. Mathematically, this sum can be expressed as ((.055/365)(1603))*125456.02).

[8] *See How to Be a Good Neighbor*, STATE FARM, https://www.statefarm.com/simple-insights/residence/good-neighbor-as-a-homeowner.

*Farm Fla. Ins. Co.*, 2022 WL 3702075 (Fla. Cir. Ct. Aug. 11, 2022); *State Farm Fla. Ins. Co. v. Silber*, 72 So. 3d 286 (Fla. Dist. Ct. App. 2011). Yet the fact remains that any flaw in this framework is *legislative* in nature, as would be its fix. The Court shall not second-guess a purposeful legislative scheme without firmer statutory or legal basis to do so.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 29) is GRANTED. The above-captioned action is DISMISSED WITH PREJUDICE.[9] The Clerk of Court is instructed CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of April, 2023.

K. Michael Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record

[9] "Leave to amend should be freely given, but a district court can deny leave to amend the complaint when amendment would be futile." *Wade v. Daniels*, 36 F.4th 1318, 1328 (11th Cir. 2022) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)); *see also* Fed. R. Civ. P. 15(a)(2). Here, Plaintiffs cannot remedy the legal defectiveness of their breach theory through amendment, as Subsection (5)(a) rejects categorically the type of suit which Plaintiffs pursue. Accordingly, the Court views amendment as futile.