**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-cv-22891-KMM

SANDRA SAFONT f/k/a
SANDRA S. MARIN, THOMAS
BARBATO and YVONNE BARBATO,
individually and on
behalf of all others similarly situated,

      Plaintiff,                               **CLASS ACTION**

v.

STATE FARM FLORIDA INSURANCE
COMPANY,

      Defendant.
_____/

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Thomas Barbato and Yvonne Barbato, file this Second Amended Class Action Complaint, individually and on behalf of all others similarly situated, against Defendant, State Farm Florida Insurance Company, and allege:

**INTRODUCTION**

1. Pursuant to a standardized homeowners insurance policy with insureds like Plaintiffs, State Farm must pay interest on claims it fails to pay within a certain timeframe. State Farm fails to do so, breaching the insurance contract and leading Plaintiffs to bring this class action on behalf of themselves and thousands of other State Farm insureds.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff Thomas Barbato is a resident of Miami-Dade County and a citizen of Florida.

3. Plaintiff Yvonne Barbato is a resident of Miami-Dade County and a citizen of Florida.

4. Thomas Barbato and Yvonne Barbato (collectively, the "Barbatos" or "Plaintiffs") are married.

5. Defendant, State Farm Florida Insurance Company ("State Farm"), is a Florida corporation with its principal place of business in Florida.

6. <u>Subject Matter Jurisdiction</u>. The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because (i) the matter in controversy exceeds $5 million, exclusive of interest and costs; (ii) there are members of the proposed Class who are citizens of different states than State Farm; and (iii) there are in the aggregate more than 100 members of the proposed class.

7. <u>Personal Jurisdiction</u>. This Court has specific personal jurisdiction over State Farm pursuant to Section 48.193(1)(a), Fla. Stat., because State Farm operates, conducts, engages in and carries on a business or business venture in this state; has an office or agency in this state; contracts to insure people, property or risk in this state at the time of contracting; and breached a contract in this state.

8. <u>Venue</u>. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in this District, and because State Farm is subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

9. Plaintiffs purchased from State Farm a residential property insurance policy for their respective homes (the "Policy"). The Policy is substantively identical to policies held by other persons who insured property with State Farm in Florida during the class period, including

both Florida residents as well as (i) out-of-state owners of Florida property; and (ii) former citizens of Florida, who insured their properties with State Farm and who were not paid interest on their claims, as alleged below.

10. The Policy contains a "Loss Payment" provision stating that if State Farm does not pay or deny a claim within 90 days of receiving notice, then State Farm must pay interest:

> 8. **Loss Payment**. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable:
>
> a. 20 days after we receive your proof of loss and reach agreement with you; or
>
> b. 60 days after we receive your proof of loss and:
>
> (1) there is an entry of a final judgment; or
>
> (2) there is a filing of an appraisal award with us.
>
> **If we do not pay or deny a loss within 90 days after we receive notice of** an initial, reopened, or supplemental property insurance **claim** from you and no factors beyond our control would reasonably prevent us from making payment, **interest will be paid in accordance with Section 627.70131(5) of the Florida Insurance Code**.

(emphasis added). A copy of the Barbatos' Policy is attached as **Exhibit 1**.

11. Like the Policy, the statute it incorporates by reference, Section 627.70131(5)(a), Fla. Stat. (2017), provides that interest must be included with payments not made within 90 days of notice of loss. It further provides that if factors beyond an insurer's control reasonably prevent payment from being made within 90 days, then payment must be made within 15 days of those factors ceasing to exist. An insurer's failure to make payment within 15 days also requires the insurer to pay interest:

> Within 90 days after an insurer receives notice of an initial, reopened or supplemental property insurance claim from a policyholder, the insurer shall pay or deny such claim or a portion of the claim unless the failure to pay is caused by

>   factors beyond the control of the insurer which reasonably prevent such payment. . . . **Any payment of** an initial or supplemental claim or portion of such **claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment**, whichever is later, **bears interest at the rate set forth in s. 55.03**. **Interest begins to accrue from the date the insurer receives notice of the claim**. . . . The provisions of this subsection may not be waived, voided, or nullified by the terms of the insurance policy.

Fla. Stat. § 627.70131(5)(a) (2017).

12. On May 31, 2018, the Barbatos' home was damaged by the failed sanitary plumbing system under their floor. They then provided State Farm with timely notice of an insurance claim seeking to cover the damage (the "Barbatos Claim").

13. State Farm acknowledged that the Barbatos suffered an insured loss, but Plaintiffs and State Farm failed to agree on the value of the losses.

14. The Policy contains an appraisal clause designed to resolve disputes as to the value of insured losses and to determine the amounts owed to the insured. In accordance with that clause, Plaintiffs' dispute with State Farm went to an appraisal panel.

15. On August 31, 2022, a panel issued and filed an Appraisal Award to the Barbatos for the replacement cost of $136,945.38.

16. However, State Farm failed to make payment of the Barbatos' award (which was reduced to $125,456.02 after subtracting the deductible and other amounts) within 15 days. It did not mail payment for the award until October 20, 2022.

17. State Farm's payment also fails to include any interest on their Claim.

18. Under Florida law, which applies to Plaintiffs and all Class members' policies, even when there is a dispute as to the amount of a debt owed, once the debt is determined to be due, interest is allowed from the date the debt was due in accordance with the contract. This rule is applied to all contracts, including obligations owed under insurance contracts.

CASE NO. 22-cv-22891-KMM

## **CLASS ALLEGATIONS**

19. Plaintiffs bring this action individually and on behalf of others similarly situated as members of a proposed class of:

> All persons insured by a residential property insurance policy issued by State Farm Florida Insurance Company, including such persons who are citizens of other countries or states other than Florida, who, since September 9, 2017, (1) gave notice of an initial or supplemental claim or portion of such claim for loss insured under the policy; (2) had the amount of loss payable on the claim determined by an appraisal process; (3) did not file suit on the claim; and (4) were paid by State Farm Florida Insurance Company for the claim more than 90 days after it received notice of the claim or more than 15 days after the amount of the loss was determined by an appraisal award, whichever is later.

20. Excluded from the Class are State Farm and its directors, officers and employees, and the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

21. This action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, because it meets all the requirements of Rule 23(a)(1-4), including the numerosity, commonality, typicality and adequacy requirements, and it satisfies the requirements of Rule 23(b)(3), in that the predominance and superiority requirements are met.

22. <u>Numerosity</u>. The members of the Class are so numerous that joinder of all members is impracticable. Although Plaintiffs do not know the exact number of Class members as of the date of filing, Plaintiffs believe that there are more than 1,000 Class members throughout the United States.

23. <u>Commonality</u>. There are numerous questions of fact or law that are common to Plaintiffs and all the members of the Class. Common issues of fact and law predominate over any issues unique to individual Class members. Issues that are common to all Class members include, but are not limited to:

    a. whether State Farm failed to timely pay Class members' insurance claims pursuant to the Policy's Loss Payment provision and the statute referenced in that provision;

    b. whether State Farm breached the Policy by failing to pay interest to Class members; and

    c. the relief that should be afforded to Plaintiffs and the Class.

24. <u>Typicality</u>. Plaintiffs have claims that are typical of the claims of all members of the Class. Plaintiffs' Policy contained the same Loss Payment provision as the other Class members' policies. (State Farm issues homeowner's insurance policies on standardized forms that are filed with the Florida Office of Insurance Regulation). Like the other Class members, Plaintiffs are owed interest under the Policy because State Farm failed to timely pay Plaintiffs' claims.

25. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent the interests of the members of the Class. Plaintiffs do not have claims that are unique to Plaintiffs and not the other Class members, nor are there defenses unique to Plaintiffs that could undermine the efficient resolution of the claims of the Class. Further, Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel, experienced in class action litigation, to represent Plaintiffs. There is no hostility between Plaintiffs and the unnamed Class members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

26. <u>Predominance</u>. Common questions of law and fact predominate over questions affecting only individual Class members. The only individual issues likely to arise will be the amount of damages recovered by each Class member, the calculation of which does not bar certification.

27. <u>Superiority</u>. A class action is superior to all other feasible alternatives for the resolution of this matter. Individual litigation of multiple cases would be highly inefficient and

would waste the resources of the courts and of the parties. The damages sought by Plaintiffs and Class members are relatively small and unlikely to warrant individual lawsuits given the fees and costs, including expert costs, required to prosecute the claims.

28. <u>Manageability</u>.  This case is well-suited for treatment as a class action and easily can be managed as a class action since evidence of both liability and damages can be adduced, and proof of liability and damages can be presented, on a classwide basis, while the allocation and distribution of damages to Class members would be essentially a ministerial function.

29. <u>Ascertainability</u>. Class members are readily ascertainable. The class members are identifiable from information and records in the possession, custody or control of State Farm.

30. Plaintiffs have retained counsel to protect Plaintiffs' rights under the Policy.

31. All conditions precedent to this action have occurred or have been waived.

## COUNT I: BREACH OF CONTRACT

32. Plaintiffs incorporate the allegations of paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiffs and State Farm each entered into a contract (the Policy) whereby State Farm agreed to insure Plaintiffs' residences for losses covered under the terms of the Policy.

34. Plaintiffs suffered an insured loss and made a claim under the Policy.

35. On the date the Appraisal Awards were issued, there were no longer factors beyond State Farm's control that reasonably prevented it from making the claim payments owed to Plaintiffs.

36. Yet State Farm failed to pay the principal amount owed to Plaintiffs pursuant to the Appraisal Award within 15 days of the Appraisal Award's issuance.

37.     As a result of State Farm's failure to timely pay, Plaintiffs were entitled to payment of interest as required by the Policy's Loss Payment provision and the statute referenced in that provision. But State Farm breached the Policy by failing to include in its payments to Plaintiffs any interest at the rate set forth in Section 55.03, Fla. Stat., from the date State Farm received notice of Plaintiffs' claim.

38.     As a result of State Farm's breach of the Policy, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, individually and on behalf of all Class members, respectfully demand judgment against Defendant, State Farm Florida Insurance Company, for:

(a)     Damages;

(b)     Pre-judgment and post judgment interest;

(c)     Attorneys' fees and costs; and

(d)     Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

**RODRIGUEZ TRAMONT & NUÑEZ P.A.**

By: /s/ *Frank R. Rodriguez*
Frank R. Rodriguez
Florida Bar No. 348988
Primary email: frr@rtgn-law.com
Paulino A. Núñez Jr.
Florida Bar No. 814806
Primary email: pan@rtgn-law.com
255 Alhambra Circle
Suite 1150
Coral Gables, FL 33134
Telephone: (305) 350-2300
Facsimile: (305) 350-2525

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**

By: /s/*Jason Kellogg*
Jason K. Kellogg, P.A.
Florida Bar No. 0578401
Primary email: jk@lklsg.com
Lawrence A. Kellogg
Florida Bar No. 328601
Primary email: lak@lklsg.com
200 Southeast Second Avenue
Miami Tower, 36th Floor
Miami, Florida 33131
Telephone: (305) 403-8788
Facsimile: (305) 403-8789

CASE NO. 22-cv-22891-KMM

**KNECHT LAW GROUP**

/s/ *Michael C. Knecht*
Michael C. Knecht, Esq.
658 W. Indiantown Road, Suite 211
Jupiter, Florida 33458
Phone: 561 745 2110
Email: mck@mikeknecht.com
susan@mikeknecht.com
Florida Bar No: 475815

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 8, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Jason Kellogg*